IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHRISTOPHER D. MOORE-BACKMAN, | ) ) ) | No. CV 09-397-TUC-RCC (BPV) |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) ) | |

Pending before the Court is the Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. (Doc. No. 6). Plaintiff filed a response and Defendant filed a reply.

Plaintiff, Christopher D. Moore-Backman, alleges that the application of his federal income tax payments to military uses substantially burdens his exercise of religion in violation of the Religious Freedom and Restoration Act of 1993, 42 U.S.C. § 2000bb, *et seq.*, ("RFRA"). Plaintiff alleges that he is entitled to the return of the portion of his 2007 federal income tax refund that was allocated by the Internal Revenue Service ("IRS") and used to offset Plaintiff's tax liabilities for the tax years 2001 and 2004. Plaintiff also demands a judgment directing the United States to accommodate Plaintiff's practice of religion and conscience by applying his taxes solely to non-military purposes.

The case has been referred to Magistrate Judge Velasco for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

For reasons which follow, the Magistrate Judge recommends that the District Court GRANT Defendant's Motion to Dismiss Plaintiff's Complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are alleged in the complaint:

Plaintiff is a member of the San Francisco Friends Meeting, which is part of the Pacific Yearly Meeting of the Religious Society of Friends. (Doc. No. 1, "Complaint", ¶ 25) The Religious Society of Friends are also known as Quakers. (Id, ¶ 4) Plaintiff alleges that his faith in and witness of the Quaker peace testimony, and his resulting refusal to pay federal income taxes applied to military purposes, is in accordance with guidance provided by the Pacific Yearly Meeting. (*Id.* ¶ 27)

Plaintiff filed his tax returns for tax years 2001 and 2004, but withheld the amounts owing on the returns, informing the IRS that he refused to pay his federal taxes, as such a large portion of federal taxes are used for military purposes which is against his belief as a member of the Religious Society of Friends. (*Id.*, ¶ 6, 8) Plaintiff notified the IRS that he had no opposition to taxation in principle, but, having "no way of directing my contribution so as to avoid enriching the U.S. military" withheld his payment entirely, contributing instead the amount of his calculated tax returns to support humane efforts. (*Id.* ¶ 7, 9.)

Plaintiff alleges that the application of his federal income tax payments to military uses substantially burdens his exercise of religion, and his request for accommodation is based on a sincere religious belief. (*Id.*, ¶¶ 41-42.) Plaintiff asserts that the federal government is readily able to administer a program to accommodate his practice of religion, such as by segregating his tax payments for use solely for nonmilitary purposes, accordingly, the refusal to accommodate his religious beliefs is not the least restrictive means of furthering any compelling governmental interest. (*Id.*, ¶ 44.) Plaintiff claims that the failure and refusal of

the United States to accommodate his practice of his religion violates the RFRA, and he is entitled to the return of his funds allocated by the IRS for the payment of 2001 and 2004 taxes, pending the enactment of appropriate legislation or regulations to provide for the non-military use of such funds.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

Defendant, United States of America, makes two primary arguments why Plaintiff's claims must be dismissed: (1) Plaintiff cannot challenge the IRS's right to off-set, and (2) the relief Plaintiff seeks in the form of a declaratory judgment or injunctive relief is barred. Defendant also asserts that the complaint fails to identify a waiver of sovereign immunity or the statutory authority vesting this Court with subject matter jurisdiction, and should therefore be dismissed.

### B. Plaintiff's Position

Plaintiff asserts that the United States' arguments that the Court lacks subject matter jurisdiction over Plaintiff's claims should be rejected because the United States has waived its sovereign immunity for suits for a tax refund or an accommodation under RFRA, and Plaintiff's request for relief is not barred by either the Anti-Injunction Act[1], or the Declaratory Judgment Act.[2]

### C. Discussion

#### 1. **Governing Standards**

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, dismissal is also appropriate when the court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1). When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court may review any evidence, such as affidavits and

---

[1] 26 U.S.C. § 7421

[2] 28 U.S.C. § 2201

- 3 -

testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.1988); *See, e.g., Land v. Dollar*, 330 U.S. 731, 735, n.4 (1947) ("when a question of the District Court's jurisdiction is raised ... the court may inquire by affidavits or otherwise, into the facts as they exist.").

"Federal courts are not courts of general jurisdiction; they have only that power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch (5 U.S.) 137, 173-180, 2 L.Ed. 60 (1803). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (*citations omitted*).

As a sovereign, the United States "is immune from suit unless it has expressly waived such immunity and consented to be sued." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1087-88 (9th Cir. 2007)(quoting *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985)) A waiver of sovereign immunity must be unequivocally expressed, and "[w]here a suit has not been consented to by the United States, dismissal of the action is required .... [because] the existence of such consent is a prerequisite for jurisdiction." *Id.* 492 F.3d at 1088 (quoting *Gilbert*, *supra*.). "The Supreme Court has 'frequently held ... that a waiver of sovereign immunity is to be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.*, 492 F.3d at 1088 (quoting *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999)). An action must be dismissed unless plaintiff satisfies the burden of establishing that its action falls within an unequivocally expressed waiver

- 4 -

of sovereign immunity by Congress. *Id*. (citing *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).

In addition to these jurisdictional issues, a case may be dismissed if it fails to state a claim upon which relief can be granted. FED.R.CIV.P. 12(b)(6). To survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007)) (internal citations omitted). When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996)(citing *Everest & Jennings v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994)). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Although "a complaint need not contain detailed factual allegations," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), the Court will not assume that the plaintiff can prove facts different from those alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of

truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

### 2. **28 U.S.C. § 1346(a)(1)**

Plaintiff's complaint alleges that "[t]his Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1), as this is a claim for a refund of federal taxes." (Complaint, ¶ 2.) Plaintiff seeks a refund in "the amount of $1509.69 for overpayment of his 2007 taxes, pending the enactment of appropriate legislation or regulations to provide for the non-military use of such funds." (*Id*., p.17.)

Because the case is one against the United States, the Plaintiff must identify a statute that permits suits against the United States under the circumstances presented here. Plaintiff alleges in the complaint that jurisdiction exists pursuant to 28 U.S.C. § 1346(a)(1). Plaintiff argues in his response to the motion to dismiss that the RFRA also provides jurisdiction over this action.

Plaintiff is correct that § 1346(a)(1) waives the government's sovereign immunity by authorizing federal district courts to hear "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *Dunn & Black,* 492 F.3d at 1088. An express condition of Congress's waiver of sovereign immunity, however, is 26 U.S.C. § 7422(a), which requires a plaintiff to first file an administrative claim for refund or credit with the Secretary of the Treasury before bringing suit to challenge the refund. The Treasury has no power to waive this statutorily-imposed exhaustion requirement. *Dunn &Black*, 492 F.3d at 1091. Plaintiff has not alleged that he first filed an administrative claim for

refund with the Secretary before bringing this suit. Thus, Plaintiff has failed to establish a waiver of sovereign immunity under § 1346(a)(1) that would permit him to proceed in this action for challenging the IRS's deductions from his 2007 tax refund to offset the Plaintiff's tax liabilities for the years 2001 and 2004. Accordingly, this action should be dismissed for lack of subject matter jurisdiction.

### 3. **Alternative Analysis - Religious Freedom Restoration Act**

In addition to Plaintiff's claim that he should be refunded the amount the IRS used to offset his tax liabilities from previous years, Plaintiff also asserts that, pursuant to the RFRA, the United States should be directed to "accommodate plaintiff's practice of religion and conscience by applying his taxes solely to non-military purposes." (Complaint, p. 17.) Although Plaintiff asserts in his Complaint that this Court has jurisdiction over this action under 28 U.S.C. § 1346(a)(1), to the extent the District Court may recognize a separate claim directly under RFRA, the Magistrate Judge recommends that the claim be dismissed for failure to establish standing to raise such a claim.

In 1993, Congress passed RFRA in reaction to *Employment Division v. Smith*, 494 U.S. 872 (1990). The bill is "not a codification of the result reached in any prior free exercise decision but rather the restoration of the legal standard that was applied in those decision. *Adams v. Comm'r*, 170 F.3d 173 (3rd Cir. 1999). The purposes of the Act are:

> (1) to restore the compelling interest test as set forth in *Sherbert v. Verner*, 374 U.S. 398 ... (1963) and *Wisconsin v. Yoder*, 406 U.S. 205 ... (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened; and
>
> (2) to provide a claim or defense to persons whose religious exercise is substantially burdened by government.

42 U.S.C. § 2000bb(b). To meet these purposes, the Act provides that the "Government shall not substantially burden a person's exercise of religion even if

- 7 -

the burden results from a rule of general applicability," 42 U.S.C. § 2000bb-1(a), and creates a judicial remedy:

> A person whose religious exercise has been burdened in violation of this section may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief against a government.

42 U.S.C. § 2000bb-1(c).

Though Plaintiff alleges in his complaint that jurisdiction over the action is found pursuant to 28 U.S.C. § 1346(a)(1), he argues in his response that no case asserting RFRA claims have been dismissed on the ground that the United States enjoyed sovereign immunity. Defendant contends, however, that Plaintiff's request for relief in the form of applying his taxes to non-military purposes is specifically barred by the Declaratory Judgment Act, 28 U.S.C. § 2201 and the Anti-Injunction Act, 26 U.S.C. § 7421.

A general waiver of sovereign immunity in actions against the United States for injunctive relief can be found in 5 U.S.C. § 702 of the Administrative Procedures Act. Section 702 does not confer jurisdiction if a more specific statute, such as the Declaratory Judgment Act or the Anti-Injunction Act, bars the requested relief. In fact, both the Declaratory Judgment Act and the Anti-Injunction Act prohibit suits brought "for the purpose of restraining the assessment or collection of any tax."

Contrary to the United States' assertion, Plaintiff's request for relief is not barred by either act. Unlike most cases challenging military activities or spending, asserting that religious objections form the basis for avoiding the *payment* of federal taxes, *see, e.g. United States v. Lee*, 455 U.S. 252 (1982) (holding that the First Amendment does not afford members of the Amish sect a right to avoid payment of social security taxes); *Browne v. United States*, 176 F.3d 25 (2d Cir.1999) (rejecting RFRA claim on the ground that "voluntary compliance is the least restrictive means by which the IRS furthers the compelling governmental interest in uniform,

- 8 -

mandatory participation in the federal income tax system"); *Adams v. Comm'r*, 170 F.3d 173 (3d Cir.1999) (holding that the government need not accommodate taxpayers whose religious beliefs lead them to oppose military funding); *United States v. Ramsey*, 992 F.2d 831, 833 (8th Cir.1993) (holding that the First Amendment does not afford a right to avoid federal income taxes on religious grounds); *Jenney v. United States*, 755 F.2d 1384 (9th Cir.1985) (holding that taxpayers cannot withhold taxes based on conscientious objection to war); *Lull v. Comm'r*, 602 F.2d 1166, 1169 (4th Cir.1979) (same), *Jenkins v. Comm'r*, 483 F.3d 90 (2nd Cir. 2007) (holding that the collection of tax revenues for expenditures that offend the religious beliefs of individual taxpayers does not violate the Free Exercise Clause of the First Amendment), Plaintiff asserts that he is entitled to relief because the "*application* of [Plaintiff's] federal income tax payments to military uses substantially burdens his exercise of religion." (Doc. No. 1, ¶ 41)(emphasis added). Plaintiff is, in essence, challenging congressional expenditures under the Taxing and Spending Clause, Const., Article 1, Section 8, alleging a violation of the free exercise clause of the First Amendment. Plaintiff's request for relief in the form of directing the United States to apply his taxes to non-military purposes is not a challenge to the collection or assessment of taxes, and, as such, is not barred by the prohibitions set out in the Declaratory Judgment and Anti-Injunction Acts.

       Plaintiff is not challenging, directly, a federal appropriations statute, and would not have standing to do so. Federal court jurisdiction is "defined and limited by Article III of the Constitution ... [and] is constitutionally restricted to 'cases' and 'controversies'." *Flast v. Cohen*, 392 U.S. 83, 94 (1968). It is well established that individuals do not generally have standing to challenge governmental spending, either by the state or federal government, solely because they are taxpayers, because "it is a complete fiction to argue that an unconstitutional federal expenditure causes

an individual federal taxpayer any measurable economic harm." *Winn v. Arizona Christian School Tuition Organization,* 562 F.3d 1002, 1008 (9th Cir. 2009) cert. granted — S.Ct. — , 2010 WL 621396 (2010) (citing *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 127 S.Ct. 2553, 2559, 168 L.Ed.2d 424 (2007) (plurality opinion); *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342-49 (2006); *Arakaki v. Lingle*, 477 F.3d 1048, 1062-63 (9th Cir.2007)).

Similarly, Plaintiff fails to state a claim under RFRA or the Free Exercise Clause by requesting relief in the form of segregating his tax contributions toward non-military purposes. In *Bowen v. Roy*, 476 U.S. 693 (1986), the Supreme Court addressed the individual's right to compel the government to behave in ways that further a particular individuals spiritual development. *Id.* at 699-701. The Supreme Court stated that the "free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens." *Id.* at 699. "The Free Exercise Clause affords an individual protection from certain forms of governmental compulsion; it does not afford an individual a right to dictate the conduct of the Government's internal procedure." *Id* at 700. The Supreme Court further noted that, while the plaintiff's own personal views in that case might not distinguish between individual and governmental conduct, it is "clear ... that the Free Exercise Clause, and the Constitution generally, recognize such a distinction; for the adjudication of a constitutional claim, the Constitution, rather than an individual's religion, must supply the frame of reference." *Id* at 701.

Accordingly, Plaintiff has failed to state a claim for relief under either the Free Exercise Clause or the RFRA.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff's complaint against the Federal Defendants Clearly cannot be saved by amendment. Plaintiff has failed to show that this Court has subject matter jurisdiction over any of his claims. The Magistrate Judge therefore recommends that the District Court dismiss the claims against the United States with prejudice.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that Defendant's motion to dismiss (Doc. No. 6) be GRANTED.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 28th day of June, 2010.

_____
Bernardo P. Velasco
United States Magistrate Judge